**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:11-cv-012-FDW-DSC**

| | | |
|---|---|---|
| **ASGHAR OSCAR SAFARI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **COOPER WIRING DEVICES, INC., and** | ) | |
| **COOPER INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court on Defendants Cooper Wiring Devices and Cooper Industries, LLC's Motion to Dismiss (Doc. No. 5), wherein Defendants move to dismiss Plaintiff's Complaint for lack of personal jurisdiction and/or failure to state claim upon which relief can be granted.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is advised that he carries the burden of demonstrating that this Court has personal jurisdiction over Defendants in this matter. To satisfy this burden, Plaintiff must demonstrate that out-of-state Defendants have sufficient minimum contacts with the state of North Carolina "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Additionally, in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby advised that he has twenty-eight (28) days from the date of this Order, or until **Thursday, February 17, 2011**, to file his response to Defendants' Motion in light of the above standard. Plaintiff's response must address both grounds for dismissal. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. Plaintiff's failure to respond may result in Defendants being granted the relief they seek, which is dismissal of Plaintiff's complaint.

The Clerk is directed to send a copy of this Notice to Plaintiff at 15316 Seissgate Court, Huntersville, NC 28078, which is Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: January 20, 2011

Frank D. Whitney
United States District Judge